*E-FILED - 6/29/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES I. MESA, ) | C 08-4298 RMW (PR) |
| Petitioner, ) | ORDER DENYING PETITION |
| vs. ) | FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF |
| LARRY SMALL, Warden, ) | APPEALABILITY |
| Respondent. ) | |

Petitioner, a California prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer and a supporting memorandum of points and authorities addressing the merits of the petition. Petitioner filed a traverse. Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief and will deny the petition.

**BACKGROUND**

On October 13, 2005, a Sonoma County Superior Court jury convicted petitioner of three counts of assault with a firearm, four counts of possession of a firearm by a felon, and one count of carjacking, robbery, and auto theft. After petitioner was convicted, petitioner admitted that he had been on bail at the time of the offenses and admitted that he suffered prior convictions. On

December 12, 2005, the trial court sentenced him to the upper terms of the substantive crimes, and ultimately sentenced petitioner to a total term of fifty-four years in prison.

Petitioner appealed the judgment. After a series of grants and remands, the state appellate court affirmed the judgment in a reasoned opinion on September 19, 2007. On November 28, 2007, the state supreme court summarily denied a petition for review. Petitioner filed the instant federal action on September 12, 2008.

## DISCUSSION

**A.     Standard of Review**

Because the instant petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes significant restrictions on the scope of federal habeas corpus proceedings. Under the AEDPA, a federal court may not grant habeas relief with respect to a state court proceeding unless the state court's ruling was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively

unreasonable.'" Id. at 409. In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.    Petitioner's Claim**

As grounds for federal habeas relief petitioner asserts that his sentence was imposed in excess of the maximum allowable sentence, increased on the basis of facts found by a judge and not a jury, and not justified to the upper term of that provided by the California Legislature. Petitioner asserts his sentence therefore violated his right to jury trial and Cunningham v. California, 126 S.Ct. 856 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

At sentencing, the trial court "chose to impose upper terms and found three aggravating factors justifying this sentencing choice: (1) [petitioner] engaged in violent conduct indicating a serious danger to society; (2) [petitioner's] prior convictions as an adult and sustained proceedings as a juvenile were numerous and of increasing seriousness; and (3) [petitioner's] prior performance on probation and parole was unsatisfactory."[1]  (Resp. Ex. 5 at 4.) Petitioner appealed and the California Court of Appeal rejected petitioner's argument. Applying the California Supreme Court's ruling in People v. Black ("Black II"), 41 Cal. 4th 799 (Cal. 2007)

---

[1]    Under California Rules of Court, the trial court can rely on these as aggravating factors at sentencing. See Cal. Rules of Court, Rule 4.421(b).

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.08\Mesa298denhc.wpd         3

and People v. Sandoval, 41 Cal. 4th 825 (Cal. 2007), it held that the trial court was permitted to sentence petitioner to a high-end sentence based on the judge's determination that the aggravating factor regarding the "numerous" or "increasing seriousness" of prior convictions was present. The state appellate court concluded that the judge's finding was supported by the record, in which the probation report showed petitioner had a lengthy criminal record which included "convictions for assault with a deadly weapon, burglary, and drug offenses." (Resp. Ex. 8 at 2.) Further, the state appellate court determined that this aggravating factor was within the exception recognized in Almendarez-Torres v. United States, 523 U.S. 224 (1998) and therefore, did not violate petitioner's right to a fair trial. (Id.)

Under California's Determinate Sentencing Law ("DSL"), a defendant can be sentenced to a lower, middle, or upper term. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The "'statutory maximum' is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004). The statutory maximum under the DSL is the middle term. Cunningham v. California, 549 U.S. 270, 293 (2007).

In Black II, the California Supreme Court held that the trial judge's imposition of an upper-term sentence was valid because the judge found at least one aggravating circumstance in a fashion that satisfied the Sixth Amendment. Black II, 41 Cal. 4th at 805-06. The Court, noting that the defendant's criminal history included three misdemeanor convictions for second degree burglary and receiving stolen property, followed by felony convictions for grand theft and burglary four years later, the trial judge determined that the defendant's convictions were "numerous and of increasing seriousness." Id. at 818. On appeal, the defendant argued that he was entitled to a jury trial on whether his convictions were numerous and of increasing severity. Id. at 819. Relying on the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), Black II disagreed with the defendant. Almendarez-Torres noted that recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing

an offender's sentence" and held that the fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt. 523 U.S. at 243-47. Black II interpreted the Almendarez-Torres exception broadly, reasoning that "recidivism" includes "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions." 41 Cal. 4th at 819. According to Black II, a defendant is therefore not entitled to a jury determination on whether his convictions are numerous or of increasing seriousness. Id.

However, in the Ninth Circuit's decision in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the trial court had found that two aggravating factors warranted imposition of the upper-term sentence: that the victim was particularly vulnerable and that the defendant was on probation at the time of the offense. Butler, 528 F.3d at 632. Butler held that the Almendarez-Torres exception for prior convictions does not permit sentencing courts to make "qualitative evaluations of the nature or seriousness of past crimes, because such determinations cannot be made solely by looking to the documents of conviction." Id. at 644. In Butler, the trial court's finding that the defendant was on probation at the time of the offense violated the defendant's right to a jury trial as this fact was "not reflected in the documents of a prior conviction nor, for that matter, may it be conclusively inferred from those documents." Id. at 646.

Still, Butler does not demonstrate that Black II was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. For the purposes of AEDPA, habeas review is based only on Supreme Court holdings. See Moses v. Payne, 555 F.3d 742, 762 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d); Crater v. Galaza, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007)). Federal law is not clearly established by the Supreme Court of the United States, even where a federal court of appeals has reached a clear standard on the issue, if the issue remains an "open question in the Supreme Court's jurisprudence." Moses, 555 F.3d at 762 (citation omitted).

Black II held that the prior conviction exception is broad enough to allow a judge to determine whether a defendant's prior convictions are numerous or of increasing seriousness. See Black II, 41 Cal. 4th at 819-20 (citation omitted) ("The relative seriousness of these alleged

convictions may be determined simply by reference to the range of punishment provided by statute for each offense. This type of determination is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court."). Further, other circuits and state courts have interpreted the prior conviction exception more broadly to include facts related to recidivism. See, e.g., United States v. Smith, 474 F.3d 888, 892 (6th Cir. 2007) (determination that criminal history was "extensive and egregious" within Almendarez-Torres exception); United States v. Santiago, 268 F.3d 151, 157 (2d Cir. 2001) (existence of three prior felony convictions for offenses committed on "separate occasions" within Almendarez-Torres exception); State v. Jones, 159 Wash. 2d 231 (Wash. 2006) (prior conviction exception encompasses a determination of the defendant's probation status).

Indeed, the Ninth Circuit recognized in Butler that its precedent on the scope of the prior conviction differ from those of other circuits. See Butler, 528 F.3d at 648 n.15 ("Some of our sister circuits have . . . taken a broader view of the Almendarez-Torres exception, permitting judicial factfinding as to facts that we have held do not come within the Almendarez-Torres exception."). Moreover, after Butler, the Ninth Circuit held in Kessee v. Mendoza-Powers that because of this difference of opinion about what degree of judicial factfinding is authorized by Almendarez-Torres, "Butler does not represent clearly established federal law 'as determined by the Supreme Court of the United States.'" 574 F.3d 675, 679 (9th Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1)). Kessee therefore concluded that although under Butler "a defendant's probationary status does not fall within the 'prior conviction' exception, a state court's interpretation to the contrary does not contravene AEDPA standards." Id. It follows, therefore, that even if Black II conflicts with the Ninth Circuit precedent articulated in Butler, this court cannot conclude that Black II was contrary to federal law for AEDPA purposes.

Here, the first two aggravating factors found by the trial court were admitted by petitioner and, therefore, do not violate the petitioner's right to a jury trial. See Blakely, 542 U.S. at 303; Almendarez-Torres, 523 U.S. at 243. Petitioner does not dispute that he waived his right to a trial by jury on the fact of his prior convictions. (Traverse at 5; RT 447-448; RT 465-473.) Petitioner admitted to the trial court that he suffered prior convictions for auto theft,

possession of a controlled substance, burglary, and dissuading a witness from testifying by force or threat. (CT 227-229.) Because the trial court relied upon at least one factor "established in a manner consistent with the Sixth Amendment," it was then justified in balancing the remaining aggravating and mitigating factors in determining the petitioner's ultimate sentence without a jury or admission by the petitioner. See Butler, 528 F.3d at 641; Black II, 41 Cal. 4th at 810-816.

In sum, the California Court of Appeal's decision that the judicial factfinding in this case was constitutional is not "contrary to, or [ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## CONCLUSION

For the reasons set forth above, the court concludes that petitioner has failed to show a violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: 6/29/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge